IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SUN MICROSYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO. 07-782-JJF |
| VERSATA ENTERPRISES, INC., | ) | |
| VERSATA SOFTWARE, INC., | ) | JURY TRIAL DEMANDED |
| VERSATA DEVELOPMENT GROUP, INC., | ) | |
| VERSATA COMPUTER INDUSTRY | ) | |
| SOLUTIONS, INC., VERSATA, INC., | ) | |
| TRILOGY, INC., and NEXTANCE, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S REPLY TO DEFENDANTS' COUNTERCLAIMS**

Plaintiff, Sun Microsystems, Inc. ("Sun"), hereby replies to the Counterclaims filed in

this action by Defendants, Versata Enterprises, Inc., Versata Software, Inc., Versata

Development Group, Inc., Versata Computer Industry Solutions, Inc., Versata, Inc., Trilogy, Inc.,

and Nextance, Inc. (collectively, "Versata"), as follows:

**THE PARTIES**

1.      Sun repeats and realleges the allegations in paragraph 2 of its Complaint as if

fully set forth herein and otherwise denies the allegations of paragraph 1.

2.      Sun repeats and realleges the allegations in paragraph 2 of its Complaint as if

fully set forth herein and otherwise denies the allegations of paragraph 2.

3.      Sun repeats and realleges the allegations in paragraph 2 of its Complaint as if

fully set forth herein and otherwise denies the allegations of paragraph 3.

4.      Sun repeats and realleges the allegations in paragraph 2 of its Complaint as if

fully set forth herein and otherwise denies the allegations of paragraph 4.

5.    Sun repeats and realleges the allegations in paragraph 2 of its Complaint as if fully set forth herein and otherwise denies the allegations of paragraph 5.

6.    Sun repeats and realleges the allegations in paragraph 2 of its Complaint as if fully set forth herein and otherwise denies the allegations of paragraph 6.

7.    Sun repeats and realleges the allegations in paragraph 2 of its Complaint as if fully set forth herein and otherwise denies the allegations of paragraph 7.

8.    Sun admits the allegations of paragraph 8.

9.    Paragraph 9 contains legal conclusions to which no response is required.

10.    Sun denies the allegations of paragraph 10, except admits that it filed a claim for patent infringement in this Court and that this Court has personal jurisdiction over Sun.

11.    Sun denies the allegations of paragraph 11, except admits that venue is proper in this judicial district.

12.    Sun repeats and realleges its reply to paragraphs 1-11 of the Counterclaims as if fully set forth herein.

13.    Sun admits the allegations of paragraph 13.

14.    Sun admits that it has sued Versata for infringement of the '223 patent.

15.    Sun denies the allegations of paragraph 15.

16.    Sun denies the allegations of paragraph 16.

17.    Sun denies the allegations of paragraph 17.

18.    Paragraph 18 contains legal conclusions to which no response is required.

19.    Sun denies the allegations of paragraph 19, except admits that Versata requests the relief set forth therein despite the fact that Versata has and continues to willfully infringe the '223 patent, which Versata knows to be valid and enforceable.

20.    Sun repeats and realleges its reply to paragraphs 1-11 of the Counterclaims as if fully set forth herein.

21.    Sun admits the allegations of paragraph 21.

22.    Sun admits that it sued Versata for infringement of the '719 patent.

23.    Sun denies the allegations of paragraph 23.

24.    Sun denies the allegations of Paragraph 24.

25.    Sun denies the allegations of Paragraph 25.

26.    Paragraph 26 contains legal conclusions to which no response is required.

27.    Sun denies the allegations of paragraph 27, except admits that Versata requests the relief set forth therein despite the fact that Versata has and continues to willfully infringe the '719 patent, which Versata knows to be valid and enforceable.

28.    Sun repeats and realleges its reply to paragraphs 1-11 of the Counterclaims as if fully set forth herein.

29.    Sun admits the allegations of paragraph 29.

30.    Sun admits that it sued Versata for infringement of the '950 patent.

31.    Sun denies the allegations of paragraph 31.

32.    Sun denies the allegations of paragraph 32.

33.    Sun denies the allegations of paragraph 33.

34.    Paragraph 34 contains legal conclusions to which no response is required.

35.    Sun denies the allegations of paragraph 35, except admits that Versata requests the relief set forth therein despite the fact that Versata has and continues to willfully infringe the '950 patent, which Versata knows to be valid and enforceable.

36.    Sun repeats and realleges its reply to paragraphs 1-11 of the Counterclaims as if fully set forth herein.

37.    Sun admits the allegations of paragraph 37.

38.    Sun admits that it sued Versata for infringement of the '662 patent.

39.    Sun denies the allegations of paragraph 39.

40.    Sun denies the allegations of paragraph 40.

41.    Sun denies the allegations of paragraph 41.

42.    Paragraph 42 contains legal conclusions to which no response is required.

43.     Sun denies the allegations of paragraph 43, except admits that Versata requests the relief set forth therein despite the fact that Versata has and continues to willfully infringe the '662 patent, which Versata knows to be valid and enforceable.

44.     Sun denies the allegations of paragraph 44, except admits that Versata sells product configuration software.

45.     Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 and on that basis denies the allegations of paragraph 45.

46.     Sun denies the allegations of paragraph 46, except admits that the title of the '524 patent is "Method and Apparatus for Configuring Systems," and that '524 patent indicates on its face that it issued on May 7, 1996.

47.     Sun denies the allegations of paragraph 47, except admits that the title of the '798 patent is "Method and Apparatus for Configuring Systems," and that '798 patent indicates on its face that it issued on January 13, 1998.

48.     Sun denies the allegations of paragraph 48, except admits that the title the '854 patent is "Method and Apparatus for Configuring Systems," and that '854 patent indicates on its face that issued on December 14, 1999.

49.     Sun denies the allegations of paragraph 49, except admits that Trilogy and Sun executed a Software License Agreement ("License Agreement") and a Professional Services Agreement ("Services Agreement"), each of which has an effective date of November 30, 1998, and refers to those documents for their contents.

50.     Sun denies the allegations of paragraph 50, except to the extent that Versata's allegations purport to quote from the License Agreement and/or the Services Agreement those documents speak for themselves and Sun refers to those documents for their contents.

51.     Sun denies the allegations of paragraph 51, except to the extent that Versata's allegations purport to quote from the License Agreement and/or the Services Agreement those documents speak for themselves and Sun refers to those documents for their contents.

52.     Sun denies the allegations of paragraph 52, except to the extent that Versata's allegations purport to quote from the License Agreement and/or the Services Agreement those documents speak for themselves and Sun refers to those documents for their contents.

53.     Sun denies the allegations of paragraph 53, except to the extent that Versata's allegations reference the Services Agreement or addenda thereto those documents speak for themselves and Sun refers to those documents for their contents.

54.     Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 and on that basis denies the allegations of paragraph 54, except admits that Sun licensed Trilogy's product configuration software for a limited period of time.

55.     Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 and on that basis denies the allegations of paragraph 55.

56.     Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 and on that basis denies the allegations of paragraph 56, except admits that Sun issued a Request for Information on Configuration Software Tools and Implementation Services for Sun Microsystems, Inc. ("RFI") in 2002, that Trilogy submitted a response to the RFI, and that Sun selected Oracle Corporation ("Oracle") as its new vendor for product configuration software.

57.     Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 and on that basis denies the allegations of paragraph 57.

58.     Sun denies the allegations of paragraph 58.

59.     Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 and on that basis denies the allegations of paragraph 59.

60.     Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 and on that basis denies the allegations of paragraph 60.

61.     Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 and on that basis denies the allegations of paragraph 61.

62.     Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62 and on that basis denies the allegations of paragraph 62.

63.     Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 and on that basis denies the allegations of paragraph 63, except admits that it employed Shyam Lakshman.

64.     Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 and on that basis denies the allegations of paragraph 64, except admits that it employed Shyam Lakshman.

65.     Sun denies the allegations of paragraph 65.

66.     Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66 and on that basis denies the allegations of paragraph 66.

67.     Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 and on that basis denies the allegations of paragraph 67.

68.     Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 and on that basis denies the allegations of paragraph 68.

69.     Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 and on that basis denies the allegations of paragraph 69, except admits that prior to employing Jean Murray, Sun contacted Trilogy and discussed the possibility of Sun hiring Ms. Murray and that Trilogy did not object to Sun hiring Ms. Murray.

70.     Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70 and on that basis denies the allegations of paragraph 70.

71.     Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71 and on that basis denies the allegations of paragraph 71, except admits that it employed Ms. Murray.

72.     Sun denies the allegations of paragraph 72.

73.     Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73 and on that basis denies the allegations of paragraph 73.

6

74.    Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74 and on that basis denies the allegations of paragraph 74.

75.    Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75 and on that basis denies the allegations of paragraph 75.

76.    Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76 and on that basis denies the allegations of paragraph 76.

77.    Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77 and on that basis denies the allegations of paragraph 77, except admits that prior to employing Evan Kempner, Sun contacted Trilogy about the possibility of hiring Mr. Kempner.

78.    Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78 and on that denies the allegations of paragraph 78, except admits that Trilogy indicated that it would not object to Sun hiring Mr. Kempner.

79.    Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79 and on that basis denies the allegations of paragraph 79.

80.    Sun denies the allegations of paragraph 80.

81.    Sun denies the allegations of paragraph 81.

82.    Sun denies the allegations of paragraph 82, except admits that Versata sued Sun, alleging infringement of the '524, '798 and '854 patents, breach of contract, tortious interference with existing contract, and trade secret misappropriation despite the fact that Trilogy has no support for such claims and knows that they are meritless.

83.    Sun admits the allegations of paragraph 83.

84.    Paragraph 84 contains legal conclusions to which no response is required.

85.    Sun denies the allegations of paragraph 85, except admits that Sun's Complaint alleges on information and belief that Versata has "made, used, offered for sale and/or sold in the United States a system that infringes one or more claims of the '223 patent" and states that the

Complaint and subsequent communications provided Versata with more than sufficient notice of its unlawful conduct.

86.    Sun denies the allegations of paragraph 86, except admits that Sun's Complaint alleges on information and belief that Versata has "made, used, offered for sale and/or sold in the United States a system that infringes one or more claims of the '719 patent" and states that the Complaint and subsequent communications provided Versata with more than sufficient notice of its unlawful conduct.

87.    Sun denies the allegations of paragraph 87, except admits that Sun's Complaint alleges on information and belief that Versata has "made, used, offered for sale and/or sold in the United States a system that infringes one or more claims of the '950 patent" and states that the Complaint and subsequent communications provided Versata with more than sufficient notice of its unlawful conduct.

88.    Sun denies the allegations of paragraph 88, except admits that Sun's Complaint alleges on information and belief that Versata has "made, used, offered for sale and/or sold in the United States a system that infringes one or more claims of the '662 patent" and states that the Complaint and subsequent communications provided Versata with more than sufficient notice of its unlawful conduct.

89.    Sun denies the allegations of paragraph 89, except admits that counsel for Versata sent a letter to counsel for Sun dated December 17, 2007, and refers to that letter for its contents.

90.    Sun denies the allegations of paragraph 90, except admits that counsel for Sun sent an email to counsel for Sun on December 24, 2007, and refers to that email for its contents.

91.    Sun denies the allegations of paragraph 91.

92.    Sun denies the allegations of paragraph 92.

93.    Sun denies the allegations of paragraph 93.

94.    Sun denies the allegations of paragraph 94.

95.    Sun denies the allegations of paragraph 95.

96.    Sun denies the allegations of paragraph 96.

97.    Sun denies the allegations of paragraph 97.

98.    Sun denies the allegations of paragraph 98.

99.    Sun denies the allegations of paragraph 99, except to the extent the allegations purport to quote a Sun "press release" that document speaks for itself and Sun references that document for its contents.

100.    Sun denies the allegations of paragraph 100.

101.    Sun denies the allegations of paragraph 101.

102.    Sun denies the allegations of paragraph 102.

103.    Sun denies the allegations of paragraph 103.

104.    Sun repeats and realleges its reply to the preceding paragraphs of the Counterclaims as if fully set forth herein.

105.    Sun admits the allegations of paragraph 105.

106.    Sun admits the allegations of paragraph 106.

107.    Sun denies the allegations of paragraph 107, except to the extent the allegations purport to quote the '719 patent that document speaks for itself and Sun references that document for its contents.

108.    Sun denies the allegations of paragraph 108, except to the extent the allegations purport to quote the '719 patent that document speaks for itself and Sun references that document for its contents.

109.    Sun denies the allegations of paragraph 109, except to the extent the allegations purport to quote the '719 patent that document speaks for itself and Sun references that document for its contents.

110.    Sun denies the allegations of paragraph 110, except to the extent the allegations purport to quote the '719 patent that document speaks for itself and Sun references that document for its contents.

111.    Sun denies the allegations of paragraph 111, except to the extent the allegations purport to quote the '719 patent that document speaks for itself and Sun references that document for its contents.

112.    Sun denies the allegations of paragraph 112, except to the extent the allegations purport to quote the '719 patent that document speaks for itself and Sun references that document for its contents.

113.    Sun denies the allegations of paragraph 113, except to the extent the allegations purport to quote the '719 patent that document speaks for itself and Sun references that document for its contents.

114.    Sun denies the allegations of paragraph 114, except to the extent the allegations purport to quote the '719 patent or its prosecution history those documents speak for themselves and Sun references those documents for their contents.

115.    Sun denies the allegations of paragraph 115, except to the extent the allegations purport to quote the '719 patent or its prosecution history those documents speak for themselves and Sun references those documents for their contents.

116.    Sun denies the allegations of paragraph 116, except to the extent the allegations purport to quote the '719 patent or its prosecution history those documents speak for themselves and Sun references those documents for their contents.

117.    Sun denies the allegations of paragraph 117, except to the extent the allegations purport to quote the '719 patent or its prosecution history those documents speak for themselves and Sun references those documents for their contents.

118.    Sun denies the allegations of paragraph 118, except to the extent the allegations purport to quote the '719 patent or its prosecution history those documents speak for themselves and Sun references those documents for their contents.

119.    Sun denies the allegations of paragraph 119, except to the extent the allegations purport to quote the '719 patent or its prosecution history those documents speak for themselves and Sun references those documents for their contents.

120.    Sun denies the allegations of paragraph 120, except to the extent the allegations purport to quote the '719 patent or its prosecution history those documents speak for themselves and Sun references those documents for their contents.

121.    Sun denies the allegations of paragraph 121, except to the extent the allegations purport to quote the '719 patent or its prosecution history those documents speak for themselves and Sun references those documents for their contents.

122.    Sun denies the allegations of paragraph 122, except to the extent the allegations purport to quote the '719 patent or its prosecution history those documents speak for themselves and Sun references those documents for their contents.

123.    Sun denies the allegations of paragraph 123, except to the extent the allegations purport to quote the '719 patent or its prosecution history those documents speak for themselves and Sun references those documents for their contents.

124.    Sun denies the allegations of paragraph 124, except to the extent the allegations purport to quote the '719 patent or its prosecution history those documents speak for themselves and Sun references those documents for their contents.

125.    Sun denies the allegations of paragraph 125, except to the extent the allegations purport to quote the '719 patent or its prosecution history those documents speak for themselves and Sun references those documents for their contents.

126.    Sun denies the allegations of paragraph 126, except to the extent the allegations purport to quote the '719 patent or its prosecution history those documents speak for themselves and Sun references those documents for their contents.

127.    Sun denies the allegations of paragraph 127, except to the extent the allegations purport to quote the '719 patent or its prosecution history those documents speak for themselves and Sun references those documents for their contents.

128.    Sun denies the allegations of paragraph 128, except to the extent the allegations purport to quote the '719 patent or its prosecution history those documents speak for themselves and Sun references those documents for their contents.

129.    Sun denies the allegations of paragraph 129, except to the extent the allegations purport to quote the '719 patent or its prosecution history those documents speak for themselves and Sun references those documents for their contents.

130.    Sun denies the allegations of paragraph 130, except to the extent the allegations purport to quote the '719 patent or its prosecution history those documents speak for themselves and Sun references those documents for their contents.

131.    Sun denies the allegations of paragraph 131, except to the extent the allegations purport to quote the '719 patent or its prosecution history those documents speak for themselves and Sun references those documents for their contents.

132.    Sun denies the allegations of paragraph 132, except to the extent the allegations purport to quote the '719 patent or its prosecution history those documents speak for themselves and Sun references those documents for their contents.

133.    Sun denies the allegations of paragraph 133, except to the extent the allegations purport to quote the '719 patent or its prosecution history those documents speak for themselves and Sun references those documents for their contents.

134.    Sun denies the allegations of paragraph 134, except to the extent the allegations purport to quote the '719 patent or its prosecution history those documents speak for themselves and Sun references those documents for their contents.

135.    Sun denies the allegations of paragraph 135, except to the extent the allegations purport to quote the '719 patent or its prosecution history those documents speak for themselves and Sun references those documents for their contents.

136.    Sun denies the allegations of paragraph 136, except to the extent the allegations purport to quote the '719 patent or its prosecution history those documents speak for themselves and Sun references those documents for their contents.

137.    Sun denies the allegations of paragraph 137, except to the extent the allegations purport to quote the '719 patent or its prosecution history those documents speak for themselves and Sun references those documents for their contents.

138.    Sun denies the allegations of paragraph 138, except to the extent the allegations purport to quote the '719 patent or its prosecution history those documents speak for themselves and Sun references those documents for their contents.

139.    Sun denies the allegations of paragraph 139, except to the extent the allegations purport to quote the '719 patent or its prosecution history those documents speak for themselves and Sun references those documents for their contents.

140.    Sun denies the allegations of paragraph 140, except to the extent the allegations purport to quote the '719 patent or its prosecution history those documents speak for themselves and Sun references those documents for their contents.

141.    Sun denies the allegations of paragraph 141, except to the extent the allegations purport to quote the '719 patent or its prosecution history those documents speak for themselves and Sun references those documents for their contents.

142.    Sun denies the allegations of paragraph 142, except to the extent the allegations purport to quote the '719 patent or its prosecution history those documents speak for themselves and Sun references those documents for their contents.

143.    Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 143 and on that basis denies the allegations of paragraph 143, except to the extent the allegations purport to quote from a document that document speaks for itself and Sun references that document for its contents.

144.    Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 144 and on that basis denies the allegations of paragraph 144, except to the extent the allegations purport to quote from certain documents those documents speak for themselves and Sun references those document for their contents.

145.    Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 145 and on that basis denies the allegations of paragraph 145, except to the extent the allegations purport to quote from a document that document speaks for itself and Sun references that document for its contents.

146.    Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 146 and on that basis denies the allegations of paragraph 146, except to the extent the allegations purport to quote from a document that document speaks for itself and Sun references that document for its contents.

147.    Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 147 and on that basis denies the allegations of paragraph 147, except to the extent the allegations purport to quote from a document that document speaks for itself and Sun references that document for its contents.

148.    Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 148 and on that basis denies the allegations of paragraph 148, except to the extent the allegations purport to quote from a document that document speaks for itself and Sun references that document for its contents.

149.    Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 149 and on that basis denies the allegations of paragraph 149, except to the extent the allegations purport to quote from a document that document speaks for itself and Sun references that document for its contents.

150.    Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 150 and on that basis denies the allegations of paragraph 150, except to the extent the allegations purport to quote from a document that document speaks for itself and Sun references that document for its contents.

151.    Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 151 and on that basis denies the allegations of paragraph 151, except to the extent the allegations purport to quote from a document that document speaks for itself and Sun references that document for its contents.

152.    Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 152 and on that basis denies the allegations of paragraph 152,

except to the extent the allegations purport to quote from a document that document speaks for itself and Sun references that document for its contents.

153. Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 153 and on that basis denies the allegations of paragraph 153, except to the extent the allegations purport to quote from a document that document speaks for itself and Sun references that document for its contents.

154. Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 154 and on that basis denies the allegations of paragraph 154, except to the extent the allegations purport to quote from a document that document speaks for itself and Sun references that document for its contents.

155. Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 155 and on that basis denies the allegations of paragraph 155, except to the extent the allegations purport to quote from a document that document speaks for itself and Sun references that document for its contents.

156. Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 156 and on that basis denies the allegation of paragraph 156, except to the extent the allegations purport to quote from a document that document speaks for itself and Sun references that document for its contents.

157. Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 157 and on that basis denies the allegations of paragraph 157, except to the extent the allegations purport to quote from a document that document speaks for itself and Sun references that document for its contents.

158. Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 158 and on that basis denies the allegations of paragraph 158, except to the extent the allegations purport to quote from a document that document speaks for itself and Sun references that document for its contents.

159.    Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 159 and on that basis denies the allegations of paragraph 159, except to the extent the allegations purport to quote from a document that document speaks for itself and Sun references that document for its contents.

160.    Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 160 and on that basis denies the allegations of paragraph 160, except to the extent the allegations purport to quote from a document that document speaks for itself and Sun references that document for its contents.

161.    Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 161 and on that basis denies the allegations of paragraph 161, except to the extent the allegations purport to quote from a document that document speaks for itself and Sun references that document for its contents.

162.    Sun denies the allegations of paragraph 162.  Paragraph 162 also contains legal conclusions to which no response is required.

163.    Sun denies the allegations of paragraph 163, except admits that patent application number 08/636,706 was filed on April 23, 1996, that patent application number 09/044,826 was filed on March 20, 1998 and is a continuation-in-part of patent application number 08/636,706 and issued as the '223 patent and that Versata infringes the '223 patent.

164.    Sun denies the allegations of paragraph 164, except to the extent the allegations purport to quote from documents those document speaks from themselves and Sun references those documents for their contents.  Paragraph 164 also contains legal conclusions to which no response is required.

165.    Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 165 and on that basis denies the allegations of paragraph 165.

166.    Sun is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 166 and on that basis denies the allegations of paragraph 166,

except to the extent the allegations purport to quote from a document that document speaks for itself and Sun references that document for its contents.

167.    Sun denies the allegations of paragraph 167.

168.    Sun denies the allegations of paragraph 168.

169.    Sun denies the allegations of paragraph 169.

170.    Sun denies the allegations of paragraph 170.

171.    Sun denies the allegations of paragraph 171.

172.    Sun denies the allegations of paragraph 172.

173.    Sun denies the allegations of paragraph 173.

174.    Sun repeats and realleges its reply to the preceding paragraphs of the Counterclaims as if fully set forth herein.

175.    Sun denies the allegations of paragraph 175.

176.    Paragraph 176 contains legal conclusions to which no response is required.  Sun expressly denies that the '719 patent is unenforceable.

177.    Sun denies the allegations of paragraph 177, except admits that Versata requests the relief set forth therein despite the fact that Versata has and continues to willfully infringe the '719 patent, which Versata knows to be valid and enforceable.

178.    Sun repeats and realleges its reply to the preceding paragraphs of the Counterclaims as if fully set forth herein.

179.    Sun denies the allegations of paragraph 179.

180.    Sun denies the allegations of paragraph 180.

181.    Sun denies the allegations of paragraph 181.

182.    Sun denies the allegations of paragraph 182.

183.    Sun denies the allegations of paragraph 183.

184.    Sun denies the allegations of paragraph 184, except admits that Versata requests the relief set forth therein despite the fact that Versata has and continues to willfully infringe the '223, '719 , '950 and '662 patents, which Versata knows to be valid and enforceable.

185.   Sun repeats and realleges its reply to the preceding paragraphs of the Counterclaims as if fully set forth herein.

186.   Sun denies the allegations of paragraph 186.

187.   Sun denies the allegations of paragraph 187.

188.   Sun denies the allegations of paragraph 188, except to the extent the allegations purport to quote from a document that document speaks for itself and Sun references that document for its contents.

189.   Sun denies the allegations of paragraph 189, except to the extent the allegations purport to quote from documents those documents speaks for themselves and Sun references those documents for their contents.

190.   Sun denies the allegations of paragraph 190, except to the extent the allegations purport to quote from a document that document speaks for itself and Sun references that document for its contents.

191.   Sun denies the allegations of paragraph 191, except to the extent the allegations purport to quote from a document that document speaks for itself and Sun references that document for its contents.

192.   Sun denies the allegations of paragraph 192, except to the extent the allegations purport to quote from documents those documents speak for themselves and Sun references those documents for their contents.

193.   Sun denies the allegations of paragraph 193.

194.   Sun denies the allegations of paragraph 194.

195.   Sun denies the allegations of paragraph 195.

196.   Sun denies the allegations of paragraph 196.

197.   Sun repeats and realleges its reply to the preceding paragraphs of the Counterclaims as if fully set forth herein.

198.   Sun denies the allegations of paragraph 198.

199.   Sun denies the allegations of paragraph 199.

200.    Sun denies the allegations of paragraph 200.

201.    Sun denies the allegations of paragraph 201.

202.    Sun denies the allegations of paragraph 202.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Versata's Counterclaims fail to state a claim upon which relief may be granted.

### Second Affirmative Defense

Sun's '223 patent, '719 patent, '950 patent, and '662 patent are not invalid and are enforceable.

### Third Affirmative Defense

Versata is willfully infringing one or more claims of the '223 patent, '719 patent, '950 patent, and '662 patent.

### Fourth Affirmative Defense

Sun has lawfully asserted its right to petition the Court to redress Versata's infringement of the '223 patent, '719 patent, '950 patent, and '662 patent as alleged in Sun's Complaint. Some or all of the alleged anticompetitive actions in Versata's Counterclaims are protected under the *Noerr-Pennington* doctrine and/or otherwise under the Constitution of the United States.

### Fifth Affirmative Defense

Versata's Counterclaims are barred, in whole or in part, by the doctrines of unclean hands, waiver, justification, privilege and/or estoppel.

### Sixth Affirmative Defense

Versata's Counterclaims are barred, in whole or in part, by the applicable statute of limitations and/or laches.

### Seventh Affirmative Defense

Versata's Counterclaims are barred, in whole or in part, because Versata has not suffered, and will not suffer, injury of the type that the antitrust laws are designed to prevent, any cognizable damages, or any legally cognizable injury.

### Eighth Affirmative Defense

Versata has failed to plead some or all of their Counterclaims with particularity.

### Ninth Affirmative Defense

Versata's Counterclaims are barred, in whole or in part, because Sun's actions were undertaken in good faith in furtherance of its legitimate business interests and have caused no injury to competition, the public, or Versata.

### Tenth Affirmative Defense

Versata's Counterclaims claims are barred, in whole or in part, because they are not based on exclusionary conduct but rather based on conduct that has the purpose or effect of promoting, encouraging, or increasing competition.

### Eleventh Affirmative Defense

Versata has not properly alleged or defined an applicable relevant market which could support Versata's Counterclaims.

### Twelfth Affirmative Defense

Sun does not maintain monopoly power in an applicable relevant market, if any.

### Thirteenth Affirmative Defense

Versata's Counterclaims are barred, in whole or in part, because Versata failed to mitigate their alleged damages.

### Fourteenth Affirmative Defense

Versata's Counterclaims are barred, in whole or in part, because Versata did not and will not suffer injury, loss, or damages by reason of any act or omission by Sun.

### Fifteenth Affirmative Defense

Versata's Counterclaims are barred, in whole or in part, because any injuries, losses, or damages that Versata allegedly suffered, if any, were caused in whole or in part by the conduct of third-parties for whom Sun was not responsible, through forces in the marketplace over which Sun had no control, or through acts or omissions on the part of Versata.

### Sixteenth Affirmative Defense

Versata's Counterclaims are barred, in whole or in part, because their alleged damages, if any, are speculative.

### Seventeenth Affirmative Defense

The equitable Counterclaims made by Versata are barred, in whole or in part, because there is an adequate remedy at law.

### Eighteenth Affirmative Defense

Versata's antitrust Counterclaims are frivolous and are being raised solely for the purpose of harassing Sun and needlessly increasing its cost of litigation.

### Nineteenth Affirmative Defense

Versata's common law and antitrust Counterclaims should be severed and stayed.

### Twentieth Affirmative Defense

Sun reserves the right to add to its affirmative defenses as additional information becomes available in the course of this litigation.

## PRAYER FOR RELIEF

WHEREFORE, Sun respectfully requests that this Court enter judgment in its favor and against Defendants and grant the following relief:

A.      An judgment dismissing with prejudice Defendants' Counterclaims in their entirety and denying all claims for relief alleged against Sun therein;

B.      A judgment that Defendants have infringed the '223, '719, '950, and '662 patents in violation of 35 U.S.C. §§ 271 (a), (b) and (c);

C.      A judgment that Defendants' infringement of the '223, '719, '950, and '662 patents has been willful and wanton;

D.      A preliminary and permanent injunction, pursuant to 35 U.S.C. § 283, enjoining Defendants, and all persons in active concert or participation with Defendants, from any further acts of infringement, inducement of infringement, or contributory infringement of the '223, '719, '950, and '662 patents;

E.      An order, pursuant to 35 U.S.C. § 284, awarding Sun damages adequate to compensate Sun for Defendants' infringement of the '223, '719, '950, and '662 patents, in an amount to be determined at trial, but in no event less than a reasonable royalty;

F.      An order, pursuant to 35 U.S.C.  § 284, and based on Defendants' willful and wanton infringement of the '223, '719, '950, and '662 patents, trebling all damages awarded to Sun;

G.      An order awarding to Sun interest on the damages and its costs incurred in this action;

H.      An order finding that this is an exceptional case and awarding to Sun its reasonable attorneys' fees incurred in this action; and

I.      Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Sun demands trial by jury on all issues and causes of action properly tried by jury, pursuant to Federal Rule of Civil Procedure 38.

DATED:  February 14, 2008                    Respectfully submitted,

                                               _____/s/  *Michael A. Barlow*_____
                                               Paul J. Lockwood (Del. I.D. No. 3369)
                                               Michael A. Barlow (Del. I.D. No. 3928)
                                               SKADDEN, ARPS, SLATE,
                                                 MEAGHER & FLOM LLP
                                               One Rodney Square
                                             P.O. Box 636
                                             Wilmington, Delaware  19899
                                             Tel:      (302) 651-3000
                                             Fax:     (302) 651-3001
                                             E-mail:  plockwoo@skadden.com
                                                      mbarlow@skadden.com

                                             Attorneys for Plaintiff
                                             Sun Microsystems, Inc.

OF COUNSEL:

Jeffery G. Randall
David W. Hansen
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
525 University Avenue, Suite 1100
Palo Alto, California  94301
Tel:     (650) 470-4500
Fax:     (650) 470-4750

## CERTIFICATE OF SERVICE

I, Michael A. Barlow, hereby certify that on February 14, 2008, I electronically filed the

foregoing with the Clerk of the Court using CM/ECF, which will send notification of such

filing(s) to the following:

> Jack B. Blumenfeld
> Karen Jacobs Louden

I also certify that copies were caused to be served on February 14, 2008 upon the

following in the manner indicated:

**BY HAND DELIVERY**                                   **BY E-MAIL**

Jack B. Blumenfeld                                     Peter J. Ayers
Karen Jacobs Louden                                    McKool Smith
Morris, Nichols, Arsht & Tunnell LLP                   300 West 6th Street, Suite 1700
1201 North Market Street                               Austin, Texas 78701
P.O. Box 1347                                          (502) 692-8700
Wilmington, Delaware 19899                             payers@McKoolSmith.com
(302) 658-9200
jblumenfeld@mnat.com
klouden@mnat.com

  /s/ *Michael A. Barlow*
Michael A. Barlow