IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SUN MICROSYSTEMS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | CIVIL ACTION NO. 07-782-JJF |
| VERSATA ENTERPRISES, INC., ) | |
| VERSATA SOFTWARE, INC., ) | |
| VERSATA DEVELOPMENT GROUP, INC., ) | |
| VERSATA COMPUTER INDUSTRY ) | |
| SOLUTIONS, INC., VERSATA, INC., ) | |
| TRILOGY, INC., and NEXTANCE, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF SUN MICROSYSTEMS, INC.'S
MOTION TO DISMISS DEFENDANTS' NON-PATENT COUNTERCLAIMS**

Plaintiff Sun Microsystems, Inc. ("Sun") hereby moves this Court pursuant to Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure for entry of an order dismissing Defendants' non-patent counterclaims for failure to state a claim for the reasons set forth herein and in the concurrently filed brief entitled "Plaintiff Sun Microsystems, Inc.'s Opening Brief in Support of Its Motion to Dismiss Defendants' Non-Patent Counterclaims."

Defendants Versata Enterprises, Inc. *et al.* (collectively "Versata") have asserted five non-patent counterclaims:

1) *Count Five*: Attempted Monopolization Under 15 U.S.C. § 2 Sham Litigation;

2) *Count Six*: Attempted Monopolization Under 15 U.S.C. § 2 Walker Process Fraud;

1

    3)    *Count Eight*: Unfair Competition Under California Business & Professions Code § 17200 *et seq.*;

    4)    *Count Nine*: Intentional Misrepresentation & Concealment; and

    5)    *Count Ten*: Negligent Misrepresentation.

None of these counterclaims state a claim upon which relief can be granted.

Versata's antitrust counterclaims (Counts Five and Six) require allegations sufficient to show, *inter alia*, monopoly power, or a dangerous probability thereof, and a defined relevant market. Versata has failed to allege facts sufficient to show either of these core requirements of its antitrust counterclaims or a number of others, requiring their dismissal for failure to state a claim.

Versata's misrepresentation counterclaims (Counts Nine and Ten) require allegations sufficient to show either a misrepresentation or an omission accompanied by a duty to speak. Versata has failed to allege facts sufficient to show that Sun made an inconsistent statement, let alone a false or misleading statement. Additionally, Versata fails to allege facts supporting an affirmative duty to speak required to state a claim based on omission. Versata has failed to allege facts sufficient to show these essential elements of its misrepresentation counterclaims, requiring their dismissal for failure to state a claim.

Versata's unfair competition counterclaim (Count Eight) requires allegations sufficient to show an unlawful, unfair, or fraudulent act. Versata alleges no additional facts in support of this counterclaim and simply relies on a recitation of the legal standard and the deficient allegations of its antitrust and misrepresentation counterclaims. Because the counterclaims upon which it relies fail to state a claim for the necessary predicate unlawful, unfair, or fraudulent act, Versata's unfair competition counterclaim must be dismissed for failure to state a claim.

Moreover, Counts Five, Six, Eight, Nine, and Ten should be dismissed without leave to amend because Versata's Answer and Counterclaims, and the accompanying

exhibits, demonstrate that Versata cannot sufficiently plead these claims. Within the exhibits to Versata's Answer and Counterclaims are facts refuting necessary elements of these counterclaims.

Alternatively, Sun hereby moves the Court to stay the non-patent counterclaims of Counts Five, Six, Eight, Nine or Ten, pending resolution of the patent issues in this case. Versata's non-patent counter claims are almost exclusively premised upon it prevailing on the underlying patent issues. Resolution of the patent issues will therefore clarify or obviate the non-patent counterclaims and the significant additional issues and associated discovery and litigation they will require. Accordingly, the interests of judicial efficiency and fairness favor staying Versata's non-patent counterclaims.

DATED: April 18, 2008                    Respectfully submitted,

                                                    /s/ *Michael A. Barlow*
Paul J. Lockwood (Del. I.D. No. 3369)
Michael A. Barlow (Del. I.D. No. 3928)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Rodney Square, P.O. Box 636
Wilmington, Delaware 19899
Tel:  (302) 651-3000
Fax:  (302) 651-3001
E-mail: Paul.Lockwood@skadden.com
            Michael.Barlow@skadden.com

Attorneys for Plaintiff
Sun Microsystems, Inc.

OF COUNSEL:

Jeffery G. Randall
David W. Hansen
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue, Suite 1100
Palo Alto, California 94301
Tel:  (650) 470-4500
Fax:  (650) 470-4750

# **CERTIFICATE OF SERVICE**

I, Michael A. Barlow, hereby certify that on April 18, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Jack B. Blumenfeld
>Karen Jacobs Louden

I also certify that copies were caused to be served on April 18, 2008 upon the following in the manner indicated:

| **BY HAND DELIVERY** | **BY E-MAIL** |
|---|---|
| Jack B. Blumenfeld<br>Karen Jacobs Louden<br>Morris, Nichols, Arsht & Tunnell LLP<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, Delaware  19899<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>klouden@mnat.com | Peter J. Ayers<br>McKool Smith<br>300 West 6th Street, Suite 1700<br>Austin, Texas  78701<br>(502) 692-8700<br>payers@McKoolSmith.com |

  /s/ *Michael A. Barlow*
  Michael A. Barlow