IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SUN MICROSYSTEMS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-782 (JJF) |
| | ) | |
| VERSATA ENTERPRISES, INC., | ) | |
| VERSATA SOFTWARE, INC., | ) | |
| VERSATA DEVELOPMENT GROUP, INC. | ) | |
| VERSATA COMPUTER INDUSTRY | ) | |
| SOLUTIONS, INC., VERSATA, INC. | ) | |
| TRILOGY, INC., and NEXTANCE, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWERING BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' NON-PATENT COUNTERCLAIMS

Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market St.
P.O. Box 1347
Wilmington, DE 19899
Tel. (302) 658-9200
jblumenfeld@mnat.com
klouden@mnat.com
*Attorneys for Defendants*

OF COUNSEL:

Peter J. Ayers
James N. Willi
John B. Campbell
McKOOL SMITH, P.C.
300 W. 6th St., Ste. 1700
Austin, TX 78701-3941
(512) 692-8700

May 12, 2008

# TABLE OF CONTENTS

**Page**

I.    STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS ..................................................................................1

II.   SUMMARY OF ARGUMENT ............................................................1

III.  STATEMENT OF FACTS ...............................................................4

IV.   ARGUMENT ....................................................................................5

A.    Versata's Counterclaims Are Subject to the "Liberal System of 'Notice Pleading' Set Up By the Federal Rules"...................5

B.    Versata's Antitrust-Related Pleadings Are Sufficient. ............................7

1.    Versata Has Pleaded Monopoly Power......................................8

2.    Versata Has Pleaded a Relevant Market. ..................................10

C.    Versata's Unfair Competition Pleading Is Sufficient. ............................12

D.    Versata's Misrepresentation Pleadings Are Sufficient ...........................13

1.    Versata Has Pleaded a Misrepresentation..................................14

2.    Versata Has Pleaded Concealment ..........................................15

E.    If the Court Finds Merit in Any of Sun's Arguments, It Should Provide Versata With an Opportunity to Amend .....................16

F.    The Court Should Neither Stay Nor Bifurcate This Case......................17

V.    CONCLUSION...............................................................................20

# TABLE OF CITATIONS

**Cases**

*Applied Biosystems, Inc. v. Cruachem, Inc.*, No. C.A. 89-579 (JRR),
    1990 U.S. Dist. LEXIS 21003 (D. Del. Aug. 3, 1990) ............................................ 17

*Bell Atl. Corp. v. Twombly*,
    127 S. Ct. 1955 (2007) ...................................................................................... 6, 8, 9

*Broadcom Corp. v. Qualcomm Inc.*,
    501 F.3d 297 (3d Cir. 2007) ................................................................................ passim

*Cel-Tech Commcn's, Inc. v. L.A. Cellular Tel. Co.*,
    20 Cal. 4th 163 (Cal. 1999) ................................................................................ 12, 13

*Dentsply Int'l, Inc. v. New Tech. Co.*, C.A. No. 96-272 (MMS),
    1996 U.S. Dist. LEXIS 19846 (D. Del. Dec. 19, 1996) ....................................... 17

*Enzo Life Sciences, Inc. v. Digene Corp.*, C.A. No. 02-212 (JJF),
    2003 U.S. Dist. LEXIS 10202 (D. Del. June 10, 2003) ....................................... 18

*Grid Sys. Corp. v. Texas Instr. Inc.*,
    771 F. Supp. 1033 (N.D. Cal. 1991) .................................................................... passim

*In re Innotron Diagnostics*,
    800 F.2d 1077 (Fed. Cir. 1986) ........................................................................... 18

*In re Intel Corp. Microprocessor Antitrust Litig.*,
    496 F. Supp. 2d 404 (D. Del. 2007) .................................................................... passim

*Joy v. Healthcare C.M.S.*,
    534 F. Supp. 2d 482 (D. Del. 2008) .................................................................... 5, 9, 14

*Landis v. North American Co.*,
    299 U.S. 248 (1936) ............................................................................................ 19

*Leatherman v. Tarrant Cty. Narcotics Intelligence and Coordination Unit*,
    507 U.S. 163 (1993) ............................................................................................ 5, 7

*Linear Tech. Corp. v. Applied Materials, Inc.*,
    152 Cal. App. 4th 115 (Cal. Ct. App. 2007) ....................................................... 3, 15

*Neomagic Corp. v. Trident Microsystems, Inc.*, C.A. No. 98-699 (RRM),
    2001 U.S. Dist. LEXIS 14585 (D. Del. Sept. 7, 2001) ....................................... 18, 19

*Nobelpharma AB v. Implant Innovations, Inc.*,
    141 F.3d 1059 (Fed. Cir. 1998) ........................................................................... 7

*OCM Principal Opportunities Fund v. CIBC World Markets Corp.*,
    157 Cal. App. 4th 835 (Cal. Ct. App. 2007) ....................................................... 14, 15

*Phillips v. County of Allegheny*,
    515 F.3d 224 (3d Cir. 2008).............................................................................. passim

*Queen City Pizza, Inc. v. Domino's Pizza, Inc.*,
    124 F.3d 430 (3d Cir. 1997)................................................................................ 8, 10, 11

*Shane v. Fauver*,
    213 F.3d 113 (3d Cir. 2000)................................................................................ 3, 16

*Small v. Fritz Companies, Inc.*,
    65 P.3d 1255 (Cal. 2003) ................................................................................... 3, 14

*Swierkiewicz v. Sorema N.A.*,
    534 U.S. 506 (2002).......................................................................................... 5, 12

*Synopsys, Inc. v. Magma Design Automation*, C.A. No. 05-701 (GMS),
    2006 U.S. Dist. LEXIS 33751 (D. Del. May 25, 2006)....................................... 17

*Turbe v. Government of Virgin Islands*,
    938 F.2d 427 (3d Cir. 1991)............................................................................... 5

*Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*,
    375 F.3d 1341 (Fed. Cir. 2004).......................................................................... 10, 12

*Walker Process Equip., Inc. v. Food Mach. & Chem. Corp.*,
    382 U.S. 172 (1965)........................................................................................... 7, 17

**Statutes And Other Authorities**

FED. R. CIV. P. 8(a)(2)............................................................................................. 5, 12

FED. R. CIV. P. 9(b) ................................................................................................. 14

2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 8.10 ............................. 16

## I.    STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Sun Microsystems, Inc. ("Sun") filed this patent infringement suit against Defendants Versata Enterprises, Inc., Versata Software, Inc., Versata Development Group, Inc., Versata Computer Industry Solutions, Inc., Versata, Inc., Trilogy, Inc., and Nextance, Inc. (collectively "Versata") on November 30, 2007. (D.I. 1.) Versata answered with counterclaims of noninfringement, invalidity, unenforceability, attempted monopolization by sham litigation and *Walker Process* fraud, inequitable conduct, unfair competition, misrepresentation, and concealment. (D.I. 22.) Sun filed a reply to the counterclaim on February 14, 2008. (D.I. 26.) It did not move to dismiss Versata's non-patent counterclaims until more than two months later, on April 18, 2008 (D.I. 28), after the Court set a Rule 16 Scheduling Conference. This is Versata's answering brief in opposition to Sun's motion.

## II.    SUMMARY OF ARGUMENT

1.    About a year after Versata sued Sun in Texas for infringing three of Versata's product configuration patents, Sun filed this retaliatory and baseless patent infringement complaint against Versata in this Court. (D.I. 1.) Sun's complaint was so conclusory in fact, that it did not identify even a single allegedly infringing Versata product. (*Id.*) In response, Versata filed a 55-page answer alleging a number of counterclaims and providing an extensive factual background detailing, among other things, Sun's inequitable conduct, its fraud on the Patent Office, its pursuit of sham litigation, its market dominance, and its misrepresentations to Versata. (D.I. 22.) Sun now belatedly argues that what it calls the "non-patent" counterclaims in Versata's answer must be dismissed for an alleged failure to plead "facts sufficient to prove" certain elements of these claims. (D.I. 30 at 1, 7.) These arguments, however, fall far short of meeting Sun's burden on this Rule 12(c) motion.

2.      As an initial matter, Sun misconstrues the applicable pleading standard.  Contrary to Sun's suggestion, at this stage of the proceedings, Versata need not plead facts sufficient to "demonstrate" or "prove" the elements of its counterclaims.  (*See* D.I. 30 at 1, 7.)  Instead, it need only plead "enough factual matter (taken as true) to suggest" that discovery will reveal some evidence of those elements.  *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008).  Versata's pleading easily meets this standard.

3.      With respect to Versata's antitrust-related counterclaims, Sun argues that Versata has failed to plead two elements:  monopoly power and a relevant market.  (D.I. 30 at 1, 7–10.) Versata's answer explicitly pleads both of these elements, however, and provides more than enough factual matter to suggest that discovery will reveal evidence that Sun—through its industry-dominant Java technology—exercises or threatens to exercise power in the market for web-enabled software platforms.  (D.I. 22 ¶¶ 96–99, 157–166.)  Versata's sham litigation and *Walker Process* counterclaims thus have been sufficiently pleaded.

4.      With respect to Versata's unfair competition counterclaim, Sun argues that Versata has failed to plead "that Sun has committed an unlawful, unfair or fraudulent act."  (D.I. 30 at 16.)  This is incorrect.  Versata has alleged, among other things, facts regarding Sun's inequitable conduct, fraud on the Patent Office, and its pursuit of sham litigation, allegations that Sun does not contest in its motion.  (D.I. 22 ¶¶ 174–77, 179; D.I. 30 at 1, 21.)  Because these uncontested allegations are more than enough to support Versata's unfair competition counterclaim, that counterclaim also has been sufficiently pleaded.

5.      With respect to Versata's misrepresentation and concealment counterclaims, Sun argues that Versata has failed to plead a misrepresentation, and has failed "to plead facts supporting a duty to speak."  (D.I. 30 at 13–14.)  Sun again is incorrect.  As the answer alleges,

Sun encouraged Versata to develop Java-based applications of its software, and promised not to sue Versata for doing so. Versata, in justifiable reliance on Sun's representations, developed such applications. Meanwhile, Sun simultaneously and secretly sought to secure—and eventually did secure, through fraud on the Patent Office—patents covering potentially similar Java-based software applications. Notwithstanding its original promises and representations, Sun then sued Versata. (D.I. 22 ¶¶ 185–202.) Under applicable California law, these allegations support Versata's misrepresentation and concealment counterclaims. *See Small v. Fritz Companies, Inc.*, 65 P.3d 1255, 1258 (Cal. 2003); *Linear Tech. Corp. v. Applied Materials, Inc.*, 152 Cal. App. 4th 115, 132 (Cal. Ct. App. 2007).

6.    Sun's arguments regarding the supposed insufficiencies of Versata's "non-patent" counterclaims are without merit. But should the Court find otherwise, Versata respectfully requests that it be afforded an opportunity to amend. It is clear in the Third Circuit that, contrary to Sun's suggestion (D.I. 30 at 1), "leave to amend must be given" where it is not futile. *Shane v. Fauver*, 213 F.3d 113, 115–16 (3d Cir. 2000).

7.    As a fallback position, Sun briefly argues that, if the Court elects not to dismiss, it should separate and stay the "non-patent" counterclaims pending resolution of the other claims at issue. (D.I. 30 at 19–21.) Sun's argument, however, falls far short of the high bar it must clear to show that a stay of any of Versata's counterclaims is warranted. For one thing, and contrary to Sun's assertion, four of the five claims Sun would have the Court stay do <u>not</u> depend on a finding of noninfringement in this case and involve consideration of much of the same evidence relevant to the patent issues (*i.e.*, infringement, validity, inequitable conduct). Even more fundamentally, Sun's own cited cases demonstrate that a stay would not be appropriate in these circumstances.

### III.    STATEMENT OF FACTS

Versata makes, sells, and services product configuration software.  Versata's product configuration technology—protected by three U.S. patents—enables a consumer to select different options on a product, such as a computer or a car, and ensures that only the proper options are presented to the consumer so that the final product is one that can be built and sold. (D.I. 22 ¶¶ 44–46.)  Sun is an industry giant whose web-related, "platform-independent" Java software has been adopted by "[a]ll major computing platform vendors." (*Id.* ¶ 99.)

In 1998, Sun hired Versata (then known as Trilogy) to deploy Versata's product configuration software at Sun.  (*Id.* ¶ 54.)  Versata thereafter served as Sun's product configuration software vendor for four years. (*Id.* ¶ 56.)  In 2002, Sun hired another third-party vendor, and simultaneously began hiring away from Versata a number of employees and contractors with access to confidential and proprietary Versata information.  (*Id.* ¶¶ 49–58.) Using this confidential and proprietary information, Sun developed its own product configuration software, which was completed in May 2005. (*Id.* ¶¶ 57, 58, 65, 72, 81.)  In September 2006, Versata sued Sun in Texas for infringement of Versata's three product configuration patents, as well as for breach of contract, tortious interference with contract, and trade secret misappropriation. (*Id.* ¶ 82.)

In November 2007, Sun filed this retaliatory suit against Versata in Delaware. (D.I. 1.) Sun's complaint alleges—in entirely conclusory fashion—infringement of four of Sun's apparently Java-related patents.  (*Id.* ¶¶ 5–24.)  These patents have little to do with products made or sold by Versata, and in fact Sun's complaint failed to identify even a single allegedly infringing product.  (*Id.*)  Unlike the entirely conclusory allegations of the complaint, Versata filed a 55-page answer and counterclaims alleging, among other things, extensive facts in support of its claims of noninfringement, invalidity, unenforceability, inequitable conduct,

attempted monopolization by sham litigation and *Walker Process* fraud, unfair competition, and misrepresentation. (D.I. 22.) These allegations more than suffice to provide notice of Versata's claims to withstand a motion to dismiss.

## IV.    ARGUMENT

### A.    Versata's Counterclaims Are Subject to the "Liberal System of 'Notice Pleading' Set Up By the Federal Rules."

Versata's antitrust and unfair competition counterclaims, upon which Sun's motion focuses, are subject to the pleading requirements of Rule 8(a). Pursuant to that rule, Versata's pleadings need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

> Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.' This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims.

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008); *Leatherman v. Tarrant Cty. Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993) (noting the "liberal system of 'notice pleading' set up by the Federal Rules").

Sun's motion to dismiss may therefore only be used "to test the sufficiency of [Versata's] complaint"—to see if it provides notice of the claims and the grounds upon which they rest—and "not to resolve disputed facts or decide the merits of the case." *In re Intel Corp. Microprocessor Antitrust Litig.*, 496 F. Supp. 2d 404, 407 (D. Del. 2007). In testing for such sufficiency, the Court "must accept all factual allegations in [the] complaint as true and take them in the light most favorable to [Versata]." *Joy v. Healthcare C.M.S.*, 534 F. Supp. 2d 482, 484 (D. Del. 2008); *see also Turbe v. Government of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991). "The

burden of demonstrating that dismissal is appropriate rests on the movant"—that is, the burden here rests on Sun. *Intel*, 496 F. Supp. 2d at 408.

Sun suggests that Versata's "non-patent" counterclaims are insufficiently pleaded because they fail to allege "facts sufficient to demonstrate," or "facts sufficient to prove," certain elements of the claims. (D.I. 30 at 1, 7.) This is not the test, however. Instead, as the Third Circuit has explained, the "Supreme Court's [recent] formulation of the pleading standard can be summed up thus:"

> stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. . . . This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.

*Phillips*, 515 F.3d at 234 (internal quotations and citations omitted).[1]

Versata's claims are sufficiently pleaded, therefore, if the factual allegations simply "raise a reasonable expectation that discovery will reveal evidence" of the relevant elements. *See id.* Therefore, Versata need only plead sufficient facts to <u>suggest</u> that the evidence <u>could be</u> <u>discovered</u>. *See id.* As described in greater detail below, Versata's extensive pleading alleges more than enough facts to suggest that discovery will reveal evidence that Sun, through its

---

[1]    The Supreme Court's recent formulation alluded to is found in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007), where the Court dismissed a § 1 antitrust complaint in the absence of any "factual context suggesting an agreement" in violation of § 1. *Id.* at 1961. As the Third Circuit acknowledged in *Phillips*, the Supreme Court in *Twombly* "expressly reaffirmed that Rule 8 requires only a short and plain statement of the claim and its grounds," and "emphasized throughout its opinion that it was neither demanding a heightened pleading of specifics nor imposing a probability requirement." *Phillips*, 515 F.3d at 233. It is also worth noting that the Court in *Twombly* was particularly concerned about the threat of an innocent defendant being forced to enter the discovery phase of a lawsuit when there was no "reasonably founded hope that the [discovery] process" would serve any legitimate purpose. *Twombly*, 127 S. Ct. at 1967. That is no concern here—at least as far as Sun is concerned—because Sun itself has initiated this lawsuit, and will be subject to discovery regardless of the outcome of its motion to dismiss.

industry-dominant Java platform, exercises or threatens to exercise monopoly power in the web-enabled software platform market. Versata's pleading similarly alleges sufficient facts to suggest that discovery will reveal evidence of the other elements and claims that Sun highlights in its motion to dismiss.

Because Versata's pleading more than satisfies "the liberal system of 'notice pleading' set up by the Federal Rules," *Leatherman*, 507 U.S. at 168, Sun's motion to dismiss should be denied.

**B.    Versata's Antitrust-Related Pleadings Are Sufficient.**

Versata has pleaded two antitrust-related counterclaims: attempted monopolization based on sham litigation (Count 5), and a *Walker Process* claim for enforcing a patent secured by fraud (Count 6).[2]  (D.I. 22 ¶¶ 12–173.)  In its motion to dismiss, Sun takes no issue with Versata's claim that Sun is pursuing objectively baseless patent infringement litigation, nor with the claim that Sun secured at least one of its asserted patents through fraud on the Patent Office.  (D.I. 30.) *See also Nobelpharma AB*, 141 F.3d at 1068; *Walker Process Equip., Inc. v. Food Mach. & Chem. Corp.*, 382 U.S. 172, 177 (1965).  Instead, Sun focuses its argument on two antitrust-related elements that, according to Sun, Versata has failed to plead:  (1) monopoly power; and (2) a relevant market.  (D.I. 30 at 6–10.)

Versata's answer, however, explicitly pleads both of these elements.  As discussed below, the answer alleges sufficient facts to raise a reasonable expectation that discovery will reveal

---

[2]    *See, e.g., Nobelpharma AB v. Implant Innovations, Inc.*, 141 F.3d 1059, 1068 (Fed. Cir. 1998) ("A patentee who brings an infringement suit may be subject to antitrust liability if the alleged infringer (the antitrust plaintiff) proves (1) that the asserted patent was obtained through knowing and willful fraud within the meaning of *Walker Process* . . . or (2) that the infringement suit was a mere sham to cover what is actually nothing more than an attempt to interfere directly with the business relationships of a competitor.") (citations omitted).

evidence that Sun exercises or threatens to exercise monopoly power in the market for platform-independent, web-enabled software. (D.I. 22 ¶¶ 95–167.) In addition, the Third Circuit has recognized that both of these elements involve "particularly fact-intensive inquir[ies]" and are generally ill-suited for resolution at the pleading stage. *See Broadcom Corp. v. Qualcomm Inc.*, 501 F.3d 297, 318 (3d Cir. 2007); *Queen City Pizza, Inc. v. Domino's Pizza, Inc.*, 124 F.3d 430, 436 (3d Cir. 1997). Because Versata's allegations provide a "reasonably founded hope that the [discovery] process" will uncover relevant evidence of Sun's power in the relevant market, *see Twombly*, 127 S. Ct. 1967, the Court should decline Sun's improper invitation to dismiss Versata's antitrust-related counterclaims before Versata has an opportunity to develop them through discovery.

### 1.    Versata Has Pleaded Monopoly Power.

Versata's answer unmistakably pleads the dangerous probability and/or existence of Sun's monopoly power. (D.I. 22 ¶¶ 95–100.) Under *Grid Systems Corp. v. Texas Instruments Inc.*, 771 F. Supp. 1033, 1040 (N.D. Cal. 1991), even an entirely conclusory allegation of monopoly power is sufficient to support sham litigation and *Walker Process* counterclaims such as those at issue here.[3] Versata's allegations of market power, however, are not conclusory.

They include, for example, reference to Sun's <u>own assertions</u> that its "Java platform has been adopted more quickly across the industry than any other technology in computing history," and that "[a]ll major computing platform vendors have signed up to integrate Java technology as a core component of their products." (D.I. 22 ¶ 99.) And Paragraphs 143 to 169 of Versata's

---

[3]    *See id.* ("TI complains that Tandy's market power allegation is conclusory, and fails to identify the precise form and degree of market power arising from each of the allegedly illegal patents. While accurate, this criticism does not affect the sufficiency of Tandy's complaint.").

answer contain numerous additional factual allegations suggesting Java's ascendance in and dominance of its relevant market. (*See, e.g., id.* ¶¶ 157 (describing Java as a "software craze sweeping the World Wide Web computer network"), 160 (describing Sun as "rushing to make Java a de facto standard on the burgeoning Web"), 161 (noting the New York Times' description of Java as a "standard" of the web), 166 (describing Java as "a runaway hit").)

It is at least possible to infer, from these many statements, that with its "platform-independent" Java software, Sun exercises or dangerously threatens to exercise market power. Even more to the point, these factual allegations raise a reasonable expectation that discovery will reveal evidence of the existence or real threat of market power. *See Phillips*, 515 F.3d at 234. If Sun is publicly trumpeting the fact that every major vendor has adopted its technology, the chances are good that it is in possession of discoverable evidence tending to show that it "has a dominant share in a relevant market." (D.I. 30 at 7.) This "reasonably founded hope" of discoverable evidence is all that is necessary to defeat Sun's motion to dismiss at the pleading stage. *See Twombly*, 127 S. Ct. 1967.

Sun implicitly acknowledges a few of these factual pleadings, but argues that they do not necessarily prove "that the product occupied a dominant share of the relevant market." (D.I. 30 at 9.) Again, however, this is not the test. The test is whether these allegations "suggest" the existence or threat of a dominant share, *see Phillips*, 515 F.3d at 234—and of course they do so suggest. Sun would have the Court make the relevant inferences in its favor, and view Versata's allegations in a light favorable to Sun, but the Court cannot do this on a motion to dismiss. *See Joy*, 534 F. Supp. 2d at 484. Add to these considerations the Third Circuit's warning that the threat of monopoly power involves "a particularly fact-intensive inquiry" that "typically should not [be] resolve[d] at the pleading stage," *Broadcom*, 501 F.3d at 318, and the proper course is

clear. Because Sun has not demonstrated that Versata's pleading of market power requires the Court to resolve this fact-intensive inquiry now, *see Intel*, 496 F. Supp. 2d at 408, the Court should decline to do so.

### 2.    Versata Has Pleaded a Relevant Market.

As with monopoly power, defining the relevant market involves "intensely factual determinations" that are seldom properly made at the pleading stage. *See Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 375 F.3d 1341, 1349 (Fed. Cir. 2004); *see also Grid Sys.*, 771 F. Supp. at 1040; *Queen City Pizza*, 124 F.3d at 436 ("in most cases, proper market definition can be determined only after a factual inquiry into the commercial realities faced by consumers"). Although Sun relies on *Queen City Pizza* to argue that the Court should dismiss on relevant market grounds (D.I. 30 at 10), the Third Circuit actually affirmed in that case the "general rule" that relevant market determinations are not appropriately resolved on a motion to dismiss. 124 F.3d at 436. The court in *Queen City Pizza* simply held that this "general rule" was not "a *per se* prohibition," and found dismissal appropriate under the circumstances of that case where the plaintiff's claim was entirely premised on an alleged market that could not be a relevant antitrust market as a matter of law. *Id.* at 440–41. Specifically, the plaintiff there premised its antitrust claim on a market defined by a franchise-tying agreement, but the court found, as a matter of law, that the antitrust statutes do not prohibit franchising. *Id. Queen City Pizza* thus is easily distinguishable. The "general rule" applies here, and resolution of Sun's relevant market arguments would be inappropriate on this motion to dismiss. *See id.* at 436.[4]

---

[4]    Sun also cites *Broadcom*, 501 F.3d at 307, for the proposition that dismissal may sometimes be appropriate on relevant market grounds. (D.I. 30 at 10.) *Broadcom* itself, however, cites only *Queen City Pizza* for that proposition. 501 F.3d at 307. In addition, the proposition is dicta in *Broadcom*, as the court there found the pleading at issue sufficient. *Id.* at 303. *Broadcom* thus does nothing to undermine the conclusion,
(Continued...)

In any event, as with monopoly power, Versata's answer unmistakably pleads the existence of a legally cognizable relevant market—the market for web-enabled software platforms. (D.I. 22 ¶¶ 96–97.) Sun provides no basis for any assertion that this market cannot be a relevant antitrust market as a matter of law. There is every reason to suspect, on the other hand, that a desire to dominate the web-enabled software market was the very reason that Sun was "rushing to make Java a de facto standard on the burgeoning Web." (*Id.* ¶ 160.) And Sun was largely successful—Java's "platform-independent" structure facilitated its adoption "across the industry" of "major computing platform vendors." (*Id.* ¶ 99.) This factual context easily "raise[s] a reasonable expectation that discovery will reveal evidence" of Sun's power in a relevant market for web-enabled software platforms. *Phillips*, 515 F.3d at 234.

Sun offers a conclusory argument regarding "reasonable interchangeability and cross-elasticity of demand" in Versata's proposed market (D.I. 30 at 10), but conclusory assertions do nothing to advance Sun's burden on this motion. *See Intel*, 496 F. Supp. 2d at 408 (noting that movant bears burden of demonstrating that antitrust counterclaims should be dismissed). With respect to the relevant market issue, Sun must demonstrate, for example, that Versata's proposed market cannot possibly encompass reasonably substitutable products. *See, e.g., Queen City Pizza*, 124 F.3d 436 (discussing "a proposed relevant market that clearly does not encompass all interchangeable substitute products even when all factual inferences are granted in plaintiff's favor"). Sun provides no basis for such an assertion, however.

Although Versata certainly expects that the precise scope of the relevant market may be refined during the discovery phase in light of the evidence discovered on such issues as

(…continued)
properly drawn from *Queen City Pizza*, that dismissal on relevant market grounds is only proper where the alleged market cannot be a relevant antitrust market as a matter of law.

"interchangeability," "cross-elasticity," "barriers to entry," "strength of the competition," and "probable development of the industry" in the market (D.I. 30 at 10–12), there is absolutely no requirement for Versata to prove its case at the pleading stage. Versata is no more obligated to provide a detailed and precise relevant market pleading in its answer than Sun is obligated to provide a detailed and precise claim-by-claim infringement chart in its complaint. As the law recognizes, discovery is needed before these kinds of allegations can be made with detail and precision. *See Swierkiewicz*, 534 U.S. at 512; *Unitherm Food Sys.*, 375 F.3d at 1349.

Sun has notice of Versata's sham litigation and *Walker Process* claims, and of the grounds upon which those claims rest. And Versata has pleaded facts sufficient to raise a reasonable expectation that discovery will reveal evidence that Sun—through its industry-dominant, platform-independent Java technology—exercises or threatens to exercise power in a market for web-enabled software. Nothing more is needed at the pleading stage. *See Swierkiewicz*, 534 U.S. at 512; *Phillips*, 515 F.3d at 234; FED. R. CIV. P. 8.

### C.    Versata's Unfair Competition Pleading Is Sufficient.

Versata's answer also alleges a counterclaim under California's unfair competition statute (Count 8). (D.I. 22 ¶¶ 178–184.) That statute provides "sweeping, embracing" coverage of "any unlawful, unfair, or fraudulent business act or practice." *Cel-Tech Commcn's, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (Cal. 1999). Sun argues that this counterclaim must be dismissed "because Versata has failed to plead facts sufficient to show that Sun committed an unlawful, unfair or fraudulent act." (D.I. 30 at 16.) Again, Sun states the wrong test. Sun need not plead "facts sufficient to show" its claim, but simply must allege "enough factual matter (taken as true) to suggest" its claim. *Phillips*, 515 F.3d at 234. And Versata has easily pleaded sufficient factual matter (taken as true) to suggest that Sun has committed unlawful, unfair, and fraudulent acts.

As discussed above, Versata has pleaded sufficient facts to raise a reasonable expectation that discovery will reveal evidence of attempted monopolization through sham litigation and *Walker Process* fraud—unlawful acts.   And as discussed below, Versata has also pleaded sufficient facts, with the requisite level of specificity, to suggest that Sun engaged in misrepresentation and concealment—fraudulent acts.  But contrary to Sun's assertion (D.I. 30 at 17–18), there is no need to resolve those issues to find that Versata's unfair competition claim is sufficiently pleaded.  This is because Versata has also pleaded an unfair business act in Count 7—inequitable conduct by Sun.  Sun does not even attempt to dispute that this inequitable conduct claim is properly pleaded.  (D.I. 22 ¶¶ 174–77; D.I. 30 at 1, 21.)  Neither does Sun dispute the sufficiency of Versata's allegation that Sun's underlying claims of patent infringement are objectively baseless and "made in bad faith" for the purpose of interfering with Versata's business.  (D.I. 22 ¶ 179.)  These unfair business acts—left uncontested by Sun—are more than sufficient to support Versata's unfair competition claim.  *See Cel-Tech Commcn's*, 20 Cal. 4th at 180; *Phillips*, 515 F.3d at 234.

### D.     Versata's Misrepresentation Pleadings Are Sufficient.

Counts 9 and 10 of Versata's answer allege intentional and negligent misrepresentation and concealment.  (D.I. 22 ¶¶ 185–202.)  Sun offers two arguments in support of its motion to dismiss these claims:  first that, according to Sun, "Versata fails to allege any misrepresentation" (D.I. 30 at 13); and second that, for the concealment claim, Versata fails "to plead facts supporting a duty to speak" (*id.* at 14).  Because both of these arguments are without merit, Sun has again failed to carry its burden to demonstrate that the claims should be dismissed.  *See Intel*, 496 F. Supp. 2d at 408.

### 1.    Versata Has Pleaded a Misrepresentation.

The basis of Versata's misrepresentation claim is simple:  Sun promised not to sue developers such as Versata for developing, testing, and using Java-based applications.  In justifiable reliance on that promise, Versata developed a Java-based application.  After Versata developed its Java-based application, Sun sued Versata for infringement of Sun's Java-related patents.  All of this is pleaded with particularity in Versata's answer,[5] and these allegations cover the elements of a claim for misrepresentation under California law.  (D.I. 22 ¶¶ 185–202.)  *See Small v. Fritz Companies, Inc.*, 65 P.3d 1255, 1258 (Cal. 2003).  In addition, Versata's answer alleges that, while Sun encouraged Versata to develop Java-based applications of its software, Sun was simultaneously seeking to secure—and eventually did secure, through fraud on the Patent Office—patents covering potentially similar Java-based software applications.  It further alleges that Sun failed to disclose these material facts when it was licensing and encouraging Versata's use of its Java technology.  (D.I. 22 ¶¶ 193–94, 200.)  These allegations cover the elements of misrepresentation by concealment under California law.  *See OCM Principal Opportunities Fund v. CIBC World Markets Corp.*, 157 Cal. App. 4th 835, 845 (Cal. Ct. App. 2007).

Sun attempts to distinguish between its licensing promises not to sue for Java-related development, and its suit here on "patents directed to specific products and methods that may be implemented using Java."  (D.I. 30 at 13.)  This fact-dependent, merits-based argument, however, has no place in a motion to dismiss on the face of the pleadings. *See Joy*, 534 F. Supp. 2d at 484.  And in any event, Versata's pleading demonstrates that Sun's representations

---

[5]    Sun briefly notes that Versata's misrepresentation-related claims are subject to the pleading requirements of Rule 9(b), but prudently makes no argument that these detailed claims fail to satisfy the particularity standard of that rule.  (D.I. 30 at 16.)

encompassed development of, as Sun puts it, "products and methods that may be implemented using Java." (*See, e.g.*, D.I. 22 ¶ 193 ("We're delighted to invite developers to download Java 1.0 immediately and start building the next killer application.").) Sun's argument that Versata has failed to plead a misrepresentation must be rejected.

### 2.    Versata Has Pleaded Concealment.

Sun's second argument is that Versata's concealment claim must be dismissed because Versata purportedly offers no factual support for the proposition that Sun had a duty to disclose. (D.I. 30 at 14–16.) Once again, Sun's argument misses the mark. Under California law, in "transactions which do not involve fiduciary or confidential relationships," a claim for nondisclosure or concealment

> may arise in at least three instances: (1) the defendant makes representations but does not disclose facts which materially qualify the facts disclosed, or which render his disclosure likely to mislead; (2) the facts are known or accessible only to defendant, and defendant knows that they are not known to or reasonably discoverable by the plaintiff; (3) the defendant actively conceals discovery from the plaintiff.

*Linear Tech. Corp. v. Applied Materials, Inc.*, 152 Cal. App. 4th 115, 132 (Cal. Ct. App. 2007); *see also OCM Principal Opportunities Fund*, 157 Cal. App. 4th at 859. Versata's pleading suggests that, at the very least, discovery will reveal evidence that either of the first two circumstances is in play here.

For example, the fact that Sun was planning to seek patent protection for a Java-based configurator application—and was planning to enforce such a patent, even if secured fraudulently—would have materially qualified Sun's invitation for Versata "to download Java 1.0 immediately and start building the next killer application." (D.I. 22 ¶ 193; *see also id.* ¶¶ 194, 200.) Those material facts were also necessarily known and accessible only to Sun, and Sun would have known that. In these circumstances, Sun had a duty to disclose under California

law. *See Linear Tech.*, 152 Cal App. 4th at 132. Sun's argument that Versata's pleading cannot possibly be read to support a duty to disclose must therefore also be rejected.[6]

**E.     If the Court Finds Merit in Any of Sun's Arguments, It Should Provide Versata With an Opportunity to Amend.**

Sun's arguments regarding the supposed insufficiencies of Versata's "non-patent" counterclaim pleadings are without merit.   But should the Court find otherwise, Versata respectfully requests that it be afforded an opportunity to amend its pleadings in any manner directed by the Court.   Sun asks the Court—without citation to authority—to dismiss without leave to amend.   (D.I. 30 at 1, 21.)   The Third Circuit's rule is clear, however, that unless the pleading deficiencies cannot possibly be cured, "leave to amend must be given."   *Shane v. Fauver*, 213 F.3d 113, 115–16 (3d Cir. 2000); *see also Grid Sys.*, 771 F. Supp. at 1036–37 ("[T]he court will dismiss the complaint or any claim in it without leave to amend only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations and citations omitted); 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 8.10.

---

[6]     Sun suggests a hypothetical that it believes supports its argument:  if Sears held a patent on a screwdriver used to build workbenches, and another patent on workbenches, says Sun, Sears could not possibly have a duty to disclose the workbench patent when selling the screwdriver.  (D.I. 30 at 16 n.4.)  Maybe so, maybe not, but in any event that hypothetical does not reflect Versata's claim.  To come closer to Versata's claim, Sun's hypothetical would need to be changed as follows:  Sears gives the screwdriver away, promises not to sue for its use, and encourages those receiving the screwdriver to build workbenches.  Then, when the workbenches have been built, Sears says, "Aha!  You're guilty of infringing my workbench patent."  In that situation, as in this one, there is good reason to think that Sears, like Sun, would have a duty to disclose.

### F.    The Court Should Neither Stay Nor Bifurcate This Case.

As a fallback position, Sun briefly argues that, if the Court does not dismiss Versata's "non-patent" counterclaims, it should separate and stay those counterclaims pending resolution of the other claims at issue. (D.I. 30 at 19–21.) Sun's argument fails for at least three reasons.

First, Sun's underlying assumption that Versata's counterclaims "are necessarily premised on its prevailing on Sun's infringement claims" (*id.* at 19) is erroneous. The misrepresentation and concealment counterclaims, for example (Counts 9 and 10), are in no way dependent upon the merits of Sun's patent infringement claims. (D.I. 22 ¶¶ 185–202.) Similarly, the unfair competition counterclaim (Count 8) is based upon any number of Sun's unfair and fraudulent acts, and does not depend upon a finding on noninfringement. (*Id.* ¶¶ 178–84.) And neither does the *Walker Process* counterclaim (Count 6) depend on the merits of Sun's infringement claim—that claim is triggered simply by Sun's attempt to enforce the patent it secured by fraud. (*Id.* ¶¶ 104–73.) *See also Walker Process*, 382 U.S. at 177. Because Sun's underlying assumption is erroneous, its conclusion that "economy and efficiency" favor staying these claims (D.I. 30 at 19) is incorrect.

Second, Sun's suggestion that staying counterclaims in circumstances such as these is "commonly" done (*id.* at 20), or "standard practice" (*id.* at 21), is misleading at best. In fact, staying counterclaims such as these is not commonly done, and two of the three cases Sun cites involve <u>denials</u> of a request to stay. (*See id.* at 19–21.)[7] Sun obfuscates the issue by blurring the

---

[7]    *See also Synopsys, Inc. v. Magma Design Automation*, C.A. No. 05-701 (GMS), 2006 U.S. Dist. LEXIS 33751, at *10–13 (D. Del. May 25, 2006) (denying requested stay of antitrust counterclaims); *Dentsply Int'l, Inc. v. New Tech. Co.*, C.A. No. 96-272 (MMS), 1996 U.S. Dist. LEXIS 19846, at *3 (D. Del. Dec. 19, 1996) (same); *Applied Biosystems, Inc. v. Cruachem, Inc.*, C.A. No. 89-579 (JRR), 1990 U.S. Dist. LEXIS 21003, at *7–8 (D. Del. Aug. 3, 1990) (same).

distinction between staying and bifurcating for trial. For example, Sun cites this Court's decision in *Enzo Life Sciences, Inc. v. Digene Corp.*, C.A. No. 02-212 (JJF), 2003 U.S. Dist. LEXIS 10202, at *16–17 (D. Del. June 10, 2003), for the proposition that a stay is warranted. (D.I. 30 at 19.)  But in *Enzo* this Court held that, while bifurcation for trial was warranted, a stay pending trial was not. 2003 U.S. Dist. LEXIS 10202, at *17–18.

Similarly, Sun cites *In re Innotron Diagnostics*, 800 F.2d 1077, 1085 (Fed. Cir. 1986), for the proposition that "[j]udicial economy and efficiency strongly favor staying non-patent counterclaims." (D.I. 30 at 19.)  But *Innotron* says no such thing.  In fact, the district court in that case had ordered separate trials for consolidated patent infringement and antitrust cases, "but did not stay discovery in the antitrust case." 800 F.2d at 1078 (emphasis added).  The Federal Circuit's decision simply affirmed that the order to bifurcate for trial was not an abuse of discretion.[8] *Id.* at 1086.

Sun cites only one case in which an antitrust counterclaim was stayed—*Neomagic Corp. v. Trident Microsystems, Inc.*, C.A. No. 98-699 (RRM), 2001 U.S. Dist. LEXIS 14585 (D. Del. Sept. 7, 2001). (D.I. 30 at 20.)  That case is easily distinguishable, however, because there was only one "non-patent" counterclaim at issue in *Neomagic*:  attempted monopolization by sham litigation. 2001 U.S. Dist. LEXIS 14585, at *3.  That claim, unlike the four additional Versata counterclaims listed above, did depend on a finding of noninfringement.  *Id.*  In addition, the court explained that the "principal purpose of the stay was to avoid the delay of discovery and

---

[8]     Sun goes so far as to suggest that the court in *Innotron* made note of "twenty-three cases from eight circuits that stayed antitrust claims pending resolution of patent claims." (D.I. 30 at 20.)  But again, the court in *Innotron* did no such thing.  The passage to which Sun refers mentions the "practice of separating for trial patent issues and those raised in an antitrust counterclaim." *Innotron*, 800 F.2d at 1084 (emphasis added).  The distinction between bifurcation for trial and a stay pending trial is a significant one. *See Enzo*, 2003 U.S. Dist. LEXIS 10202, at *17–18.

trial" in the case. *Id.* Sun has made no showing that Versata's counterclaims will require a substantial delay of discovery and trial in this case. And even if it had, that would not end the inquiry. The Supreme Court has explained that one moving "for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). Because a substantial delay in the resolution of its counterclaims would prejudice Versata, Sun's request for a stay is subject to the high bar set by *Landis*. The brief and conclusory argument Sun appends to its motion to dismiss comes nowhere close to clearing that high bar.

Third, to the extent that Sun is seeking bifurcation for trial without a stay[9]—as its cited case law might suggest—that request is radically premature at this point in the litigation. This case is still in its early stages, and Versata respectfully suggests that the Court should wait until the case is closer to trial, and the issues are more fully developed, before determining whether "bifurcation might enhance jury decision making" in this case. (*See id.* at 21.) Neither is bifurcation for discovery purposes warranted, as there should be substantial overlap between the discovery relevant to the patent claims at issue and the discovery relevant to the so-called "non-patent" claims. Evidence related to infringement, validity, and inequitable conduct, for example, will be relevant to both sets of asserted claims.

---

[9]       Of the 2-1/2 pages Sun devotes to its fallback argument, the majority concerns issues relevant to determining whether bifurcation for trial is warranted. (D.I. 30 at 19, 21.)

## V.    CONCLUSION

For these reasons, Defendants respectfully request that the Court deny Plaintiff's motion to dismiss (D.I. 28) in its entirety.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs Louden*

_____

Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
1201 N. Market St.
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
klouden@mnat.com
*Attorneys for Defendants*

OF COUNSEL:

Peter J. Ayers
James N. Willi
John B. Campbell
MCKOOL SMITH, P.C.
300 W. 6th St., Ste. 1700
Austin, TX 78701-3941
(512) 692-8700

May 12, 2008

2321678.2

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on May 12, 2008, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

William J. Wade
Anne Shea Gaza

I also certify that copies were caused to be served on May 12, 2008 upon the following in the manner indicated:

**BY E-MAIL AND HAND**

William J. Wade
Anne Shea Gaza
Richards, Layton & Finger
920 N. King Street
Wilmington, DE 19801

**BY E-MAIL**

Darryl M. Woo
Charlene M. Morrow
Saina S. Shamilov
Salam Rafeedie
Fenwick & West LLP
801 California Street
Mountain View, CA 94041

*/s/ Karen Jacobs Louden*

klouden@mnat.com