IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SUN MICROSYSTEMS, INC.

        Plaintiff,

v.

VERSATA ENTERPRISES, INC.,
VERSATA SOFTWARE, INC.,
VERSATA DEVELOPMENT GROUP, INC.
VERSATA COMPUTER INDUSTRY
SOLUTIONS, INC., VERSATA, INC.,
TRILOGY, INC., and NEXTANCE, INC.,

        Defendants.

C.A. NO. 07-782 (JJF)

## PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS
## MOTION TO DISMISS NON-PATENT COUNTERCLAIMS

*OF COUNSEL:*

Darryl M. Woo
Charlene M. Morrow
Saina Shamilov
Salam R. Baqleh
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
(415) 875-2300

William J. Wade (#704)
Anne Shea Gaza (#4093)
RICHARD LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
wade@rlf.com
gaza@rlf.com

*Attorneys for Plaintiff*
*SUN MICROSYSTEMS, INC.*

Dated: May 22, 2008

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................................................................................ ii

I.    INTRODUCTION .............................................................................................................. 1

II.   VERSATA'S MONOPOLIZATION CLAIMS SHOULD BE DISMISSED ..................... 2

      A.    Versata's Allegations that Sun Developed Superior Technology Do Not
            Constitute Legally Adequate Allegations of Attempted Monopolization ............. 2

      B.    Versata's Allegations That Sun's Technology Was Quickly Adopted Are
            Not Legally Adequate To Define A Relevant Market ........................................... 3

III.  VERSATA HAS NOT ADEQUATELY PLED EITHER INTENTIONAL
      MISREPRESENTATION OR CONCEALMENT .............................................................. 5

IV.   VERSATA'S UNFAIR COMPETITION COUNTERCLAIM FAILS, AS IT IS
      PREDICATED ON THE DEFECTIVE COUNTERCLAIMS ............................................ 6

V.    SHOULD VERSATA'S NON-PATENT COUNTERCLAIMS SOMEHOW
      SURVIVE, THEY SHOULD BE BIFURCATED AND STAYED PENDING
      RESOLUTION OF THE PATENT CLAIMS ...................................................................... 7

VI.   CONCLUSION .................................................................................................................... 8

RLF1-3286176-1

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Bell Atl. Corp. v. Twombly,*
127 S. Ct. 1955 (U.S. 2007)............................................................................................ 2, 3

*Cargill, Inc. v. Budine,*
No. CV-F-07-349-LJO-SMS, 2007 U.S. Dist. LEXIS 67526 (E.D. Cal. Aug.
30, 2007) ....................................................................................................................... 3

*Dippin' Dots, Inc v. Mosey,*
476 F.3d 1337 (Fed. Cir. 2007), *cert. denied*, 128 S. Ct. 375 (U.S. 2007) ................ 6

*Grid Sys. Corp. v. Texas Instruments, Inc.,*
771 F. Supp. 1033 (N.D. Cal. 1991) ............................................................................ 3

*Linear Tech. Corp. v. Applied Materials, Inc.,*
152 Cal. App. 4th 115 (Cal. Ct. App. 2007) ................................................................ 6

*Lum v. Bank of Am.,*
361 F.3d 217 (3d Cir. 2004)......................................................................................... 5

*Neomagic Corp. v. Trident Microsystems, Inc.,*
No. 98-699, 2001 U.S. Dist. LEXIS 14585 (D. Del. Sept. 7, 2001), *aff'd in
part, vacated in part*, 287 F.3d 1062 (Fed. Cir. 2002)................................................ 8

*OCM Principal Opportunities Fund v. CIBC World Mkts. Corp.,*
157 Cal. App. 4th 835 (Cal. Ct. App. 2007) ................................................................ 5

*Phillips v. County of Allegheny,*
515 F.3d 224 (3d. Cir. 2008)..................................................................................... 2, 3

*Queen City Pizza, Inc v. Domino's Pizza, Inc.,*
124 F.3d 430 (3d Cir. 1997)......................................................................................... 4

*Stickrath v. Globalstar, Inc.,*
527 F. Supp. 2d 992 (N.D. Cal. 2007) ......................................................................... 6

*Walker Process Equip., Inc. v. Food Mach. & Chem. Corp.,*
382 U.S. 172 (1965)................................................................................................... 1, 8

## I.    INTRODUCTION

Sun's motion to dismiss should be granted. Versata's sham litigation and *Walker Process* counterclaims simply do not contain the requisite allegations of monopoly power. *Walker Process Equip., Inc. v. Food Mach. & Chem. Corp.*, 382 U.S. 172 (1965). Nor, in fact, has Versata defined a legally cognizable market. Instead, Versata has alleged at most that Sun has developed superior technology that has been recognized as revolutionary by the computer industry. While flattering to Sun, these allegations of superior technology do not establish either the existence of a legally cognizable relevant market or facts suggesting a risk of monopolization of that market. Accordingly, the Court should dismiss Versata's antitrust counterclaims (Counts Five and Six of the Answer and Counterclaims).

The Court should similarly dismiss Versata's state law counterclaims. (Counts Eight, Nine and Ten of the Answer and Counterclaims.) Versata's pleadings fail to identify any specific misrepresentation, or a duty to speak, for its misrepresentation and concealment claim. They also fail to state a claim under California's unfair competition law, which is dependent upon Versata's predicate counterclaims and fails by virtue of their defects.

In the alternative, at the very least, this briefing has demonstrated that a bifurcation and stay of Versata's antitrust and California state law counterclaims is appropriate. These counterclaims require extensive, expensive and potentially unnecessary discovery and investigation into collateral issues such as the definition of the markets into which Sun sells its products and the identification of competitors in those markets, and into statements and conduct unrelated to the patented technology. Moreover, since the resolution of each of the counterclaims depends on the resolution of related patent issues, it does not make sense to address them until after Sun's patent infringement claims have been tried to a jury.

## II.    VERSATA'S MONOPOLIZATION CLAIMS SHOULD BE DISMISSED

### A.    Versata's Allegations that Sun Developed Superior Technology Do Not Constitute Legally Adequate Allegations of Attempted Monopolization

Versata cites extensively from the case law on notice pleading. However, its recitation of the basic principles of notice pleading cannot obscure the fact that Versata has done nothing more in its counterclaims than allege facts suggesting that Sun has developed superior technology. For example, in its Opposition to the Motion to Dismiss, Versata relies on allegations in its counterclaims including the following:

- Java "is the most revolutionary extension to the Web we have seen … ever." Answer, ¶ 145

- Java programming language is the "hot new software craze sweeping the World Wide Web computer network." ¶ 157

- Sun developed "dynamic new Java Internet programming language." ¶ 149

- Java programming language is "a universal translator – enabling programs to move fluidly between incompatible operating systems…" ¶ 151

- "Java's empowering a tremendous wave of new development by small developers…" ¶ 155

- "Software developers are busy shaping Java into applications that will add new life to Web browsers like Netscape and Mosaic, producing programs that combine real-time interactivity with multimedia features, that have been available only on CD-ROM." ¶160

While flattering to Sun, these allegations that Sun has superior products do not constitute allegations of an antitrust violation and are equally consistent as well with non-actionable conduct. As such, these allegations are not sufficient to state a claim. *Bell Atl. Corp v. Twombly*, 127 S. Ct. 1955, 1971 (U.S. 2007). Rather, Versata has the burden on this motion to plead "enough factual matter (taken as true) to suggest" the required elements of the monopolization claims. *Phillips v. County of Allegheny*, 515 F.3d 224, 235 (3d Cir. 2008). As the Supreme Court explained last year in *Bell Atl.*, 127 S. Ct. at 1964-65, in addressing an

antitrust case brought under Section 1 of Sherman Act:

> While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a *formulaic recitation of the elements of a cause of action will not do,* . . . *Factual allegations must be enough to raise a right to relief above the speculative level,* . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* at 1964-65 (citations and footnote omitted) (emphasis added).

Thus, in order to state a monopolization claim under Section 2 of the Sherman Act, a plaintiff must allege facts sufficient to create more than a mere speculation that the defendant has a dangerous probability of achieving market power in a legally cognizable market. *Cargil, Inc., v. Budine,* No. CV-F-07-349-LJO-SMS, 2007 U.S. Dist. LEXIS 67526, at *24 (E.D. Cal. Aug. 30, 2007). While Versata's antitrust counterclaims contain conclusory allegations of attempted monopolization, they are wholly devoid of facts establishing Sun's actual or likely market share. (*See, e.g.* Answer and Counterclaims at ¶¶ 95-99.) All Versata has alleged are facts indicating product success, which are consistent with non-actionable conduct, and as such are insufficient to state a claim. *Bell Atl.,* 127 S. Ct. at 1971.

Versata responds to this critique by arguing, with a citation to *Grid Sys. Corp. v. Texas Instruments, Inc.,* 771 F. Supp. 1033, 1040 (N.D. Cal. 1991), that "even an entirely conclusory allegation of monopoly power is sufficient...." Even if true in 1991, that statement is no longer correct; the Supreme Court gave clear guidance in *Bell Atlantic,* that conclusory allegations are not sufficient. *Bell Atl*, 127 S. Ct. at 1971; *Phillips*, 515 F.3d at 224.

### B.    Versata's Allegations That Sun's Technology Was Quickly Adopted Are Not Legally Adequate To Define A Relevant Market

Versata's antitrust counterclaims aver the existence of, but do not plead facts adequate to support a claim to, a "web-enabled software platform" market that it apparently contends consists primarily of Java applications. (Answering Brief at 11). For example, Versata relies on

the statement by a third party that the "Java platform has been adopted more quickly across the industry than any other technology in computing history," as support for its claims. But, the rate of technology adoption does not dictate or even suggest the identity or the market share of the respective technology providers. Similarly, Versata's reliance on the statement that "[a]l major computing platform vendors have signed up to integrate Java technology as a core component of their products" is also unhelpful because there is no indication that these product offerings from third parties are sold in the market at issue in Versata's claim. Accordingly, since Versata's conclusory allegations of a relevant market are legally insufficient, and its factual allegations are insufficient to raise more than mere speculation on the existence of a market as pled, Counts Five and Six should be dismissed.

Moreover, Versata's argument that the Third Circuit views relevant market as an issue to be rarely resolved at the pleading stage is contradicted by the detailed guidance provided in the *Queen City Pizza* decision cited by Versata. In *Queen City Pizza*, the court affirmed the dismissal of an antitrust claim on the basis that "[w]here the plaintiff fails to define its proposed relevant market with reference to the rule of reasonable interchangeability and cross-elasticity of demand, or alleges a proposed relevant market that clearly does not encompass all interchangeable substitute products … the relevant market is legally insufficient…." *Queen City Pizza, Inc. v. Domino's Pizza, Inc.*, 124 F.3d 430, 436 (3d Cir. 1997) (rejecting proposed market of suppliers to Domino's pizza).

Here, Versata similarly fails to address interchangeability and cross-elasticity of demand. All it avers is the existence of a narrow market of "web-enabled software platforms" that contains primarily Java applications without any explanation of why other types of software platforms should be excluded from the definition. This omission is particularly glaring given

that Versata's own exhibits suggest that at least one Microsoft offering was in competition with Sun's offerings.  (D.I. 22, Exs. I and N).  Simply put, Versata's attempt to turn Sun's Java business success into a market for antitrust purposes is legally insufficient.

### III.    VERSATA HAS NOT ADEQUATELY PLED EITHER INTENTIONAL MISREPRESENTATION OR CONCEALMENT

Versata's Count Nine, for intentional misrepresentation, wholly fails to state a claim. Versata lists in paragraphs 188-192 a number of Sun licenses.  However, it never identifies anything in these licenses that Versata contends was a false statement at the time it was made. Nor does it identify any such statement in its Answering Brief, choosing instead to make a new allegation that Sun made some unspecified unconditional promise never to sue any Java developer.  (Answering Brief at ¶ 14).  This allegation is not found in the Answer and Counterclaims.  Whatever the purported statement is that may be at issue, it has not been identified in the Answer and Counterclaims.  To be actionable, a misrepresentation must be a "*false* representation."  *OCM Principal Opportunities Fund v. CIBC World Mkts. Corp.*, 157 Cal. App. 4th 835, 845 (Cal. Ct. App. 2007) (emphasis added).

Furthermore, fraud claims such as this must be pled with particularity.  *Lum v. Bank of Am.*, 361 F.3d 217 (3d Cir. 2004).  The court in *Lum* found that fraud allegations that consisted of listing a series of credit agreements did not state a claim because "they [did] not indicate the date, time, or place of the alleged misrepresentations, the financial transactions in connection with which these misrepresentations were made, or who made the misrepresentation to whom." *Id.* at 225.  Similarly, here Versata has not pled the requisite particularity.  While Versata has listed a number of Sun licenses, there are no allegations of date, time or place of the alleged misrepresentations, who made them, or to whom they were made.

Versata has also failed to state a claim for fraudulent concealment.  Claims of fraudulent

concealment are only permitted in certain narrow circumstances. *Linear Tech. Corp. v. Applied Materials, Inc.*, 152 Cal. App. 4th 115, 131-32 (Cal. Ct. App. 2007). In order to state a claim under California law for fraudulent concealment, the plaintiff must allege facts adequate to suggest the existence of one of the narrow circumstances under which such a claim is available. For example, it must allege that a statement was made without disclosing other facts that render the statement likely to mislead. *Id* at 133. Versata has not identified any such statements or facts.

## IV.    VERSATA'S UNFAIR COMPETITION COUNTERCLAIM FAILS, AS IT IS PREDICATED ON THE DEFECTIVE COUNTERCLAIMS

Each of Versata's three arguments in support of its California unfair competition claim should be rejected. First, such a claim requires an underlying predicate. Versata cites conduct alleged to be a misrepresentation, a fraudulent concealment, or an antitrust violation as satisfying the requirement that it establish an independently wrongful act in order to state this claim. However, as set forth above, Versata's misrepresentation, fraudulent concealment and antitrust claims are defective. Accordingly, this claim fails as well.

Second, Versata argues that it has satisfied the independent wrongful act requirement by pleading an unfair business act (Answering Brief at ¶ 13); that of Sun's purported inequitable conduct during the prosecution of a patent (Answer and Counterclaims at ¶ 181). However, pleading inequitable conduct does not rise to the level of pleading fraud. *Dippin' Dots, Inc. v. Mosey*, 476 F.3d 1337, 1346-47 (Fed. Cir. 2007), *cert. denied*, 128 S. Ct. 375 (U.S. 2007) (inequitable conduct insufficient to establish common law fraud). In addition, even an act alleged to be fraudulent is only actionable under California law if it is "likely to deceive a reasonable consumer." *Stickrath v. Globalstar, Inc.*, 527 F. Supp. 2d 992, 998 (N.D. Cal. 2007). No such allegations have been made here.

Third, Versata alleges that because it contends that Sun's patent claims are without merit, that contention supports an unfair competition claim. However, it would be premature to address the defects with that contention (for example, as framed in Versata's Answering Brief it appears to violate the preemption doctrine), since that allegation is not made in the Counterclaims at all. (*See* Answer and Counterclaims at ¶. 181).

## V.    SHOULD VERSATA'S NON-PATENT COUNTERCLAIMS SOMEHOW SURVIVE, THEY SHOULD BE BIFURCATED AND STAYED PENDING RESOLUTION OF THE PATENT CLAIMS

Should Versata's counterclaims not be dismissed in their entirely, they should be bifurcated and stayed until after the trial of the patent claims. As the discussion above reveals, Versata's counterclaims reach facts that would not be addressed during the scope of an ordinary patent infringement trial. For example, Versata's state law claims require the assesssment of the truth of statements that are wholly unrelated to the patented technology at issue, require the definition and assessment of the markets in which Sun products compete and of the products that compete with them (and not just the assessment of the value of the patented technology), and seek to draw into this case some vague notion of retaliation that relies in part on the disposition of a lawsuit now pending in Texas. Accordingly, it would aid jury comprehension considerably to take up these counterclaims in a separate trial. In addition, the expense of potentially unnecessary discovery on these collateral issues militates strongly in favor of a stay on these claims until further progress has been made on resolving the patent claims. Although trial has been set for February 10, 2010, the pretrial discovery schedule best fits a more streamlined case. Document and written discovery must be completed by September 8, 2008, with a short window for depositions prior to the onset of *Markman* briefing starting November 24, 2008.

In addition, at the core of each Versata counterclaim is a patent law issue that should be resolved on its merits before the collateral issues raised by the counterclaims are addressed. The

*Walker Process* counterclaim will fail when Sun is determined not to have committed inequitable conduct during patent prosecution.    *Walker Process*, 382 U.S. 172.    The sham litigation counterclaim will fail once the patent claims get to a jury trial on the merits.    The unfair competition counterclaim depends on overlapping patent issues.    Versata's misrepreseantation and concealment counterclaims are necessarily based on an assessment of the scope of the patents in suit, and whether they cover Java.    As in *Neomagic*, the resolution of Versata's non-patent counterclaims depends in substantial part on the outcome of the patent law issues: infringement, validity, claim construction, and inequitable conduct, and a stay is thus appropriate. *Neomagic Corp. v. Trident Microsystems, Inc.*, No. 98-699-RRM, 2001 U.S. Dist. LEXIS 14585 (D. Del. Sept. 7, 2001), *aff'd in part, vacated in part,* 287 F.3d 1062 (Fed. Cir. 2002).

## VI.    CONCLUSION

For these reasons, Sun respectfully requests that the Court grant Plaintiff's motion to dismiss (D.I. 28) in its entirety, or in the alternative, bifurcate and stay those claims.

*OF COUNSEL:*
Darryl M. Woo
Charlene M. Morrow
Saina Shamilov
Salam R. Baqleh
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
(415) 875-2300

Dated:  May 22, 2008

William J. Wade (#704)
Anne Shea Gaza (#4093)
RICHARD LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
wade@rlf.com
gaza@rlf.com
*Attorneys for Plaintiff*
*SUN MICROSYSTEMS, INC.*

8

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2008, I caused to be served by hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Jack B. Blumenfeld, Esquire
Karen Jacobs Louden, Esquire
Morris, Nichols, Arhst & Tunnell LLP
1201 North Market Street
P. O. Box 1347
Wilmington, DE 19899

I hereby certify that on May 22, 2008, the foregoing document was sent via Federal Express to the following non-registered participants:

Peter J. Ayers, Esquire
James N. Willi, Esquire
John B. Campbell, Esquire
McKool Smith
300 W. 6th Street, Suite 1700
Austin, TX 78701

Anne Shea Gaza (#4093)
gaza@rlf.com